UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE
COMPANY, GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, UNITED SPECIALTY
INSURANCE COMPANY, LEXINGTON
INSURANCE COMPANY, HDI GLOBAL
SPECIALTY SE, OLD REPUBLIC UNION
INSURANCE COMPANY, GEOVERA
SPECIALTY INSURANCE COMPANY, and
TRANSVERSE SPECIALTY INSURANCE
COMPANY,

Civil Action No. _____

Petitioners,

vs.

MPIRE PROPERTIES, LLC

                Respondent.
------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PETITION TO COMPEL ARBITRATION

Of Counsel:

    Wayne R. Glaubinger
    Sanjit Shah
    David A. Nelson
    Samuel B. Weiss
    MOUND COTTON WOLLAN & GREENGRASS LLP
    One New York Plaza, 44th Floor
    New York, New York 10004
    Phone: (212) 804-4200
    Fax:   (212) 344-8066
    wglaubinger@moundcotton.com
    sshah@moundcotton.com
    dnelson@moundcotton.com
    sweiss@moundcotton.com
    *Attorneys for Petitioners*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

RELEVANT FACTS ...............................................................................................................2

    A.    The Insurance Policy and the Arbitration Clause ...................................................2

    B.    The Loss, the Assignment, and Mpire's
        Waiver of Claims Against the Foreign Insurers ......................................................3

STANDARD OF REVIEW .....................................................................................................4

ARGUMENT ...........................................................................................................................5

    MPIRE'S PURPORTED WAIVER OF CLAIMS
    AGAINST LLOYD'S AND HDI DOES NOT PREVENT
    THE COURT FROM COMPELLING ARBITRATION .................................................5

    A.    The Arbitration Clause in the
        Policy is Subject to the Convention .......................................................................5

    B.    Mpire's Waiver of Claims Against the Foreign Insurers
        Does Not Prevent the Court from Compelling Arbitration......................................6

CONCLUSION ........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

Andrade v. Royal Caribbean Cruises, Ltd.,
Case No.: 09-20929-CIV, 2010 WL 11506149 (S.D. Fla. Jan. 13, 2010) ................................ 8 n.2

Best Concrete Mix Corp. v. Lloyd's of London Underwriters,
413 F. Supp. 2d 182 (E.D.N.Y. 2006) ................................................................ 5, 6, 7, 8

Borsack v. Chalk & Vermilion Fine Arts, Ltd.,
974 F. Supp. 293 (S.D.N.Y. 1997) ................................................................................ 8

David L. Threlkeld & Co., Inc. v. Metallgesellschaft Ltd. (London),
923 F.2d 245 (2d Cir. 1991) ........................................................................................ 5, 6

Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London,
Civil Action No. 20-102, 2021 WL 359735 (M.D. La. Feb. 2, 2021) ................................ 5

SSI (Beijing) Co. Ltd. v. Prosper Bus. Dev. Corp.,
18-CV-8408, 2020 WL 6323938 (S.D.N.Y. July 30, 2020) ............................................ 4, 8

U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.,
241 F.3d 135 (2d Cir. 2001) ........................................................................................ 4, 5

**Treaties, Statutes and Rules**

Convention on the Recognition and Enforcement
of Foreign Arbitral Awards of June 10, 1958,
T.I.A.S. No. 6997, 21 U.S.T. 2517 ............................................................................. passim

9 U.S.C. § 202 ............................................................................................................ 7

Petitioners, Certain Underwriters at Lloyd's, London ("Lloyd's"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE ("HDI"), Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company ("Petitioners" or the "Insurers") respectfully submit this memorandum of law in support of their Petition to Compel Arbitration against Respondent Mpire Properties, LLC ("Respondent" or "Mpire").

## PRELIMINARY STATEMENT

Respondent is the assignee of the insureds under a commercial property insurance policy to which the Insurers, including foreign insurers Lloyd's and HDI, severally subscribe. After Hurricane Ida allegedly damaged 75 insured properties on or about August 29, 2021, the insureds filed a claim for their purported losses with the Insurers. The insureds later sold the properties to Mpire, and in connection with the sale, assigned their rights under the insurance policy to Respondent. Although the Insurers paid Mpire $1,275,391.34 for the damage to the insured properties, Mpire is seeking additional monies for its Ida-related losses, and to that end, has filed a petition for damages against the Insurers in Louisiana State Court.

Mpire's state court proceeding contravenes the clear and unambiguous arbitration clause set forth in the policy, which requires that all disputes relating to the policy be arbitrated in accordance with New York law before an arbitration tribunal in New York. That Mpire has purported to waive its claims against Lloyd's and HDI in an obvious attempt to circumvent the applicability of the Convention on the Recognition and Enforcement of Arbitral Awards, does not prevent this Court from issuing an Order compelling Mpire to arbitrate its dispute concerning

the amount to which it is entitled under the policy. Accordingly, the Court should grant the Insurers' Petition to Compel Arbitration.

## RELEVANT FACTS

A.  The Insurance Policy and the Arbitration Clause

The Insurers issued to Bayou Bulldog Apartments, LLC, and its affiliates Delta Dog Properties, LLC and Henri Town Apartments, LLC (the "Insureds") a Commercial Property Insurance Policy bearing Account ID 882851 for the period from August 13, 2021 to August 13, 2022 (the "Policy"). The Policy, which insured 75 properties in Louisiana (the "Insured Properties"), includes a broad arbitration clause requiring that all "matters in difference" between the Insurers and the insureds be referred to arbitration, the seat of which is to be in New York:

> ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> \* \* \*
>
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.
>
> A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

(Policy, annexed as Exhibit 1 to the November 9, 2022 Declaration of Sanjit Shah (the "Shah Decl."), at SDA 42.)

B. The Loss, the Assignment, and Mpire's Waiver of Claims Against the Foreign Insurers

According to the Petition for Damages (the "Louisiana Petition") filed by Mpire against the Insurers in Louisiana State Court, on August 29, 2021, Hurricane Ida damaged the exteriors, interiors and roofs of Insured Properties, and "allowed water to infiltrate the interiors of the properties and otherwise caused significant damage to and throughout the buildings." (Louisiana Petition, Shah Decl. Ex. 2, ¶ 10.) The Insureds filed a claim for coverage for their alleged losses with the Insurers, and Sedgwick Delegated Authority, the third-party administrator for the Insurers, adjusted the claim. (See Petition to Compel Arbitration, ¶ 20.)

On or about December 13, 2021, the Insureds sold the Insured Properties to Mpire, and also assigned to Mpire their rights under the Policy related to the claim. (Louisiana Petition, Shah Decl. Ex. 2, ¶¶ 13, 14.) The Insurers determined that the covered losses to the Insured Properties totaled $1,275,391.34, and issued a check in that amount to Mpire. (See Louisiana Petition, Shah Decl. Ex. 2, ¶ 40.) Believing that it was entitled to more than $11 million from the Insurers for the Ida-related damage to the Insured Properties (Louisiana Petition, Shah Decl. Ex. 2, ¶ 32), Mpire sued all of the Insurers except for Lloyd's and HDI in Louisiana State Court. Mpire purported to waive its claims against the two foreign insurers:

> [Mpire] is not making a claim against Certain Underwriters at Lloyd's and/or against HDI Global Specialty SE for any further payments for the claims and/or under the Policy, and [Mpire] waives any further rights against Certain Underwriters at Lloyd's and/or against HDI Global Specialty SE for the claims and/or under the Policy.

(Louisiana Petition, Shah Decl. Ex. 2, ¶ 9.)

By letter dated November 7, 2022, the Insurers demanded that Mpire submit to arbitration its dispute concerning the amount to which it is entitled under the Policy for its Hurricane Ida-related losses. (November 7, 2022 Letter from Sanjit Shah, Shah Decl. Ex. 3.)

3

## STANDARD OF REVIEW

"The standard for granting a motion to compel or stay arbitration . . . is 'similar' to the standard used to determine a summary judgment motion." SSI (Beijing) Co. Ltd. v. Prosper Bus. Dev. Corp., 18-CV-8408, 2020 WL 6323938, at *7 (S.D.N.Y. July 30, 2020) (citing Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003)). "If there is a genuinely disputed factual issue whose resolution is essential to the determination of the applicability of an arbitration provision, a trial as to that issue will be necessary; but where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [the Court] may rule on the basis of that legal issue and 'avoid the need for further court proceedings.'" Id. at *8 (quoting Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd., 661 F.3d 164, 172 (2d Cir. 2011)).

Where, as here, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"), T.I.A.S. No. 6997, 21 U.S.T. 2517, applies, "a federal court must compel arbitration of any dispute falling within the scope of the agreement pursuant to the terms of the agreement." U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 241 F.3d 135, 146 (2d Cir. 2001). "The party resisting arbitration bears the burden of proof as to any defense asserted under the Convention." SSI (Beijing) Co., 2020 WL 6323938, at *9. "[T]he defenses—often lumped under the rubric 'null and void'—are to be construed narrowly so as not to undermine the goals of the Convention and the FAA." Id.

When these standards are applied, it is clear that the Court should grant the Insurers' motion to compel arbitration pursuant to the terms of the arbitration clause set forth in the Policy.

4

# ARGUMENT

## MPIRE'S PURPORTED WAIVER OF CLAIMS AGAINST LLOYD'S AND HDI DOES NOT PREVENT THE COURT FROM COMPELLING ARBITRATION

A.  The Arbitration Clause in the Policy is Subject to the Convention

"Arbitration agreements subject to the Convention are enforced in accordance with Chapter 2 of the FAA." U.S. Titan, Inc., 241 F.3d at 146 (citing 9 U.S.C. § 201). "An agreement to arbitrate exists within the meaning of the Convention and the [Federal Arbitration Act] if: (1) there is a written agreement; (2) the writing provides for arbitration in the territory of a signatory of the convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope." Id. (citations omitted).

Here, there is a written agreement to arbitrate that provides for arbitration in New York, a territory of a signatory of the Convention, i.e., the United States. David L. Threlkeld & Co., Inc. v. Metallgesellschaft Ltd. (London), 923 F.2d 245, 250 (2d Cir. 1991) (holding that the "United States, as a 'Contracting State,' has an obligation to enforce the Convention . . . ."); Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London, Civil Action No. 20-102, 2021 WL 359735, at *5 (M.D. La. Feb. 2, 2021) ("Second, the agreement requires arbitration to take place in New York, which is in the territory of the United States, a Convention signatory.").

Moreover, the subject matter of the agreement that contains the arbitration clause, i.e., the Policy, is commercial in nature. Georgetown Home Owners Ass'n, 2021 WL 359735, at *5 ("Third, the dispute arises out of a commercial relationship, namely the parties' insurance agreement."); Best Concrete Mix Corp. v. Lloyd's of London Underwriters, 413 F. Supp. 2d 182, 188 (E.D.N.Y. 2006) (holding that "the subject matter of the agreement, an insurance contract, is commercial."). Finally, because the insurance contract at issue is between Mpire, as the assignee of the Insureds, and the Insurers, including foreign insurers, Lloyd's and HDI, the subject matter

is not entirely domestic in scope. Best Concrete Mix Corp., 413 F. Supp. 2d at 188 ("With respect to the fourth criterion, an agreement is 'entirely domestic in scope' only if it 'aris[es] out of a [legal] relationship which is entirely between citizens of the United States . . . .'").

Accordingly, the arbitration clause in the Policy meets all four criteria required for an arbitration agreement to be subject to the Convention, and the Court should enforce it in accordance with Chapter 2 of the Federal Arbitration Act.

B. Mpire's Waiver of Claims Against the Foreign Insurers Does Not Prevent the Court from Compelling Arbitration

"[F]ederal policy strongly favors arbitration as an alternative dispute resolution process." David L. Threlkeld & Co., 923 F.2d at 248. "The policy in favor of arbitration is even stronger in the context of international business transactions." Id. "Enforcement of international arbitral agreements promotes the smooth flow of international transactions by removing the threats and uncertainty of time-consuming and expensive litigation. The parties may agree in advance as to how their disputes will be expeditiously and inexpensively resolved should their business relationship sour." Id.

Despite the strong federal policy in favor of arbitration, and the even stronger policy in favor of international arbitrations, Mpire has purported to waive its claims against the foreign insurers, Lloyd's and HDI (Louisiana Petition, Shah Decl. Ex. 2, ¶ 9), in an obvious attempt to circumvent the arbitration clause in the Policy. Such a waiver, however, does not prevent the Court from compelling arbitration under the Chapter 1 and Chapter 2 of the Federal Arbitration Act for a number of reasons.

First, in order to fall within the scope of the Convention, the arbitration agreement cannot be entirely between citizens of the United States:

> An [arbitration] agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

9 U.S.C. § 202.

Thus, notwithstanding Mpire's waiver of claims against Lloyd's and HDI, the arbitration clause in the Policy is not entirely between citizens of the United States; rather it is, and always has been since the assignment to Mpire, between Mpire and a group of domestic and foreign insurers. There is no judicial or statutory authority supporting the notion that a dispute that is entirely between citizens of the United States does not fall under the Convention even when the arbitration agreement is between citizens of the United States and foreign citizens. In any event, this dispute is not only between citizens of the United States, as Lloyd's and HDI are also seeking to compel arbitration to determine the amounts due under the Policy with respect to Mpire's Hurricane Ida losses. Mpire's waiver of claims against Lloyd's and HDI, therefore, does not remove the arbitration clause of the Policy from the scope of the Convention.[1]

Second, the principle of estoppel precludes Mpire from avoiding the application of the arbitration clause in the Policy. "In order for estoppel to bind a non-signatory to an arbitration agreement, the non-signatory must receive a direct benefit from the contract containing the arbitration clause . . . ." Best Concrete Mix Corp., 413 F. Supp. 2d at 187. "This principle is equally applicable to written agreements under the Convention." Id. By seeking to enforce its

---

[1] Mpire appears to put great stock in the Contract Allocation Endorsement of the Policy, which provides in part that "[t]his contract shall be constructed [sic] as a separate contract between the Insured and each of the Underwriters." (Louisiana Petition, Shah Decl. Ex. 2, ¶ 6 (quoting Policy's Contract Allocation Endorsement).) But language in the Policy that it shall be construed as a separate contract between the Insured and each Insurer only means that the Insurers' liability under the Policy for covered loss is several, not joint; it does not mean that each Insurer issued a separate property insurance policy to the Insureds. Indeed, as Mpire admits, the Insurers "accepted insuring risk, under a single policy of insurance . . . ." (Id. ¶ 3; see also ¶ 5 ("At all times relevant hereto, Defendants provided a single policy of insurance under account number 882851 . . . to Bayou Bulldog Apartments, LLC, Delta Dog Properties, LLC, and Henri Town Apartments, LLC . . . .").) Thus, the Policy, including the arbitration clause, is not entirely between citizens of the United States, and it falls within the scope of the Convention.

7

indemnification rights under the Policy as an assignee of the Insureds, Mpire must be bound by the Policy's arbitration clause because it wishes to avail itself of the protection and direct benefits afforded by the Policy. See id. ("By seeking to enforce its indemnification rights as an additional insured under the policy, Best must also be bound by its arbitration clause because it wishes to avail itself of the protection and direct benefits afforded by the policy."); Borsack v. Chalk & Vermilion Fine Arts, Ltd., 974 F. Supp. 293, 300 (S.D.N.Y. 1997) (holding that "when a plaintiff who acquires rights under a contract as an agent, third-party beneficiary, or assignee subsequently 'bases [his] right to sue on the contract itself the provision requiring arbitration as a condition precedent to recovery must be observed.'") (citations omitted).

Third, Mpire has no valid defense to the enforcement of the arbitration clause in the Policy. The Convention requires a court to enforce any arbitration agreement within the scope of the treaty "unless the court 'finds that the said agreement is null and void, inoperative, or incapable of being performed.'" SSI (Beijing) Co., 2020 WL 6323938, at *8 (quoting Conv. Art. II § 3.) "[A]n agreement to arbitrate is 'null and void' only (1) when it is subject to an internationally recognized defense such as duress, mistake, fraud, or waiver, or (2) when it contravenes fundamental policies of the forum state." Id. at *9 (citations and internal quotation marks omitted). There is no evidence that the defenses of duress, mistake, fraud or waiver are applicable here,[2] and the agreement does not contravene the fundamental policies of the forum state.

In addition, the arbitration clause set forth in the Policy is not "inoperative," because as discussed above, despite Mpire's waiver of its claims against the foreign insurers, the arbitration

---

[2] The defense of waiver applies to the conduct of the party seeking arbitration, not the conduct of the party seeking to avoid arbitration. Andrade v. Royal Caribbean Cruises, Ltd., Case No.: 09-20929-CIV, 2010 WL 11506149, at *6 (S.D. Fla. Jan. 13, 2010) (denying defendant's motion to compel arbitration where the Court found that "Defendant waived its arbitration right.").

8

agreement is not entirely between citizens of the United States. Moreover, the arbitration clause is not incapable of being performed.

Accordingly, because none of the defenses to arbitration available under the Convention is applicable, the Court should grant the Insurers' Petition to Compel Arbitration.

## **CONCLUSION**

For the foregoing reasons, the Insurers respectfully request that the Court grant their Petition to Compel Arbitration in its entirety.

Dated: New York, New York
November 10, 2022

                MOUND COTTON WOLLAN & GREENGRASS LLP

By:   s/Sanjit Shah
      Wayne R. Glaubinger
      Sanjit Shah
      David A. Nelson
      Samuel B. Weiss
      wglaubinger@moundcotton.com
      sshah@moundcotton.com
      dnelson@moundcotton.com
      sweiss@moundcotton.com
      One New York Plaza, 44th Floor
      New York, New York 10004
      (212) 804-4200
      *Attorneys for Petitioners*