USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, INDIAN HARBOR
INSURANCE COMPANY, QBE
SPECIALTY INSURANCE COMPANY,
STEADFAST INSURANCE COMPANY,
GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, UNITED
SPECIALTY INSURANCE COMPANY,
LEXINGTON INSURANCE COMPANY,
HDI GLOBAL SPECIALTY SE, OLD
REPUBLIC UNION INSURANCE
COMPANY, GEOVERA SPECIALTY
INSURANCE COMPANY, and
TRANSVERSE SPECIALTY INSURANCE
COMPANY,

                    Petitioners,

            v.

MPIRE PROPERTIES, LLC,

                    Respondent.

No. 22-CV-9607 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

In this action, a group of insurers move to compel arbitration and seek to enjoin a Louisiana state court insurance action involving damage incurred by Hurricane Ida. Specifically, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, the "Insurers") bring the instant petition against Mpire Properties, LLC ("Mpire") to compel it to arbitrate, and to enjoin an action Mpire filed in Louisiana

state court against the Insurers to recover for damage to its insured properties caused by Hurricane Ida. For the reasons that follow, the Insurers' petition to compel arbitration is denied, and the motion to enjoin the Louisiana state court action is denied as moot.

## BACKGROUND

The following facts are undisputed unless otherwise noted. The Insurers issued a commercial insurance policy to Bayou Bulldog Apartments, LLC, Delta Dog Properties, LLC, and Henri Town Apartments, LLC, for the period of August 13, 2021 to August 13, 2022. Declaration of Sanjit Shah in Support of the Petition to Compel Arbitration ("Shah Decl. Arb."), Ex. 1, at 1; *id.*, Ex. 2, at 5. The policy insured 75 properties in Louisiana, *id.* at 3–5, all of which were allegedly damaged by Hurricane Ida on August 29, 2021, *id.* at 7.

After Bayou Bulldog Apartments, Delta Dog Properties, and Henri Town Apartments filed claims with the Insurers following Hurricane Ida, the properties were sold to Mpire along with the rights under the insurance policy. *Id.* at 9. The Insurers paid Mpire $1.27 million for the damage to the insured properties, *id.* at 15, and Mpire then filed suit in Louisiana state court seeking additional monies, *id.* at 18–24. Mpire filed suit only against the domestic insurers and disclaimed any rights against the foreign insurers. *Id.* at 1–2, 6.

The insurance policy contains an arbitration clause, requiring "[a]ll matters in difference between the Insured and the Companies . . . in relation to this insurance" to be referred to an Arbitrational Tribunal, the seat of which "shall be in New York," and which "shall apply the law of New York as the proper law of this insurance." *Id.*, Ex. 1, at 42.

The Insurers now bring this petition, urging the Court to compel Mpire to arbitrate this dispute and to enjoin the Louisiana state court action.

**LEGAL STANDARD**

Under the Federal Arbitration Act (FAA), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, "the FAA 'does not require parties to arbitrate when they have not agreed to do so.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012)). "The question of whether the parties have agreed to arbitrate, *i.e.*, the 'question of arbitrability,' is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Id.* (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). This threshold question "is determined by state contract law principles." *Id.*

"In deciding motions to compel, courts apply a 'standard similar to that applicable for a motion for summary judgment.'" *Id.* (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). "[W]here the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [courts] may rule on the basis of that legal issue and 'avoid the need for further court proceedings.'" *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir. 2011) (quoting *Bensadoun*, 316 F.3d at 175).

**DISCUSSION**

The Insurers seek to enforce the arbitration clause under the FAA and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), implemented at 9 U.S.C. §§ 201–08. Petitioners' Memorandum of Law in Support of their Petition to Compel Arbitration ("Pet. Arb. Br.") at 5–6. "An agreement to arbitrate exists within the meaning of the Convention and the FAA if: (1) there is a written agreement; (2) the writing provides for arbitration

3

in the territory of a signatory of the convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 146 (2d Cir. 2001). The Insurers contend that, because the four elements are met, the Court should enforce the arbitration agreement. Pet. Arb. Br. at 5–6; *see also U.S. Titan, Inc.*, 241 F.3d at 146 ("Arbitration agreements subject to the Convention are enforced in accordance with Chapter 2 of the FAA.").

In opposing the motion to compel arbitration, Mpire relies on the McCarran-Ferguson Act (MFA), arguing that (1) the Louisiana Insurance Code applies because the MFA reverse-preempts the FAA and the Convention and (2) the arbitration clause is unenforceable under the Louisiana Insurance Code. Opposition to Motion to Compel Arbitration ("Resp. Arb. Opp.") at 3–9. The Court agrees with Mpire.

"Under the conventional application of the supremacy clause and rules of statutory construction, the FAA, a federal statute, would preempt . . . a state statute, insofar as the [state statute] contravenes the FAA." *Stephens v. Am. Int'l Ins. Co.*, 66 F.3d 41, 43 (2d Cir. 1995). The MFA, however, establishes an exception to the general rules of preemption. It provides that "[t]he business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business," 15 U.S.C. § 1012(a), and that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance," *id.* § 1012(b).

Mpire argues, and the Insurers fail to dispute, that the Louisiana Insurance Code was enacted for the purpose of regulating the business of insurance. *See* Resp. Arb. Opp. at 8; Petitioners' Reply Memorandum of Law in Further Support of their Petition to Compel Arbitration

4

("Pet. Arb. Reply") at 2–7; *see also* La. Stat. Ann. § 22:2(A)(1) ("Insurance is an industry affected with the public interest and it is the purpose of this Code to regulate that industry in all its phases."). And "the FAA does not specifically relate to insurance." *Stephens*, 66 F.3d at 44. The FAA thus cannot be construed to supersede the Louisiana Insurance Code. *See id.* at 45–46.

Indeed, the Second Circuit has previously rejected the argument that, even if a state statute is not preempted by the FAA, the Convention could still require arbitration of claims involving foreign corporations. *See id.* at 45. As the court noted in *Stephens*, "the Convention is not self-executing" and "relies upon an Act of Congress for its implementation." *Id.* Because the MFA provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance," 15 U.S.C. § 1012(b), the Convention's implementing legislation does not preempt a state act which regulates the business of insurance, *Stephens*, 66 F.3d at 45.

The next question is whether the Louisiana Insurance Code renders the arbitration clause unenforceable. The parties dispute which section of the Louisiana Insurance Code should apply. Mpire relies on La. Stat. Ann. § 22:442, which provides that "[a]n unauthorized insurer shall be sued, upon any cause of action arising in this state under any contract issued by it as a surplus lines contract, pursuant to this Subpart, in the district court of the parish in which the cause of action arose." La. Stat. Ann. § 22:442(A); Resp. Arb. Opp. at 6–7.

The Insurers, on the other hand, point to La. Stat. Ann. § 22:868, which provides:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:

(1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.

5

(2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.

. . .

C. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.

La. Stat. Ann. § 22:868; Pet. Arb. Reply at 3.

Judge Preska was recently faced with the same issue in *Certain Underwriters at Lloyds, London v. 3131 Veterans Blvd LLC*, 2023 WL 5237514 (S.D.N.Y. Aug. 15, 2023). The parties there, relying on identical authorities, similarly disputed which provision of the Louisiana Insurance Code should apply and whether the Louisiana Insurance Code rendered the arbitration clause unenforceable. *See 3131 Veterans Blvd LLC*, 2023 WL 5237514, at *4–6; Resp. Arb. Opp. at 3–7; Pet. Arb. Reply at 2–7. Judge Preska found the arbitration clause unenforceable under the Louisiana Insurance Code and thus denied the insurers' motion to compel arbitration and enjoin the state court action. *See 3131 Veterans Blvd LLC*, 2023 WL 5237514, at *4–6. This Court finds the well-reasoned opinion in *3131 Veterans Blvd LLC* persuasive and adopts its reasoning.

Judge Preska began her analysis by determining which of the two provisions of the Louisiana Insurance Code was more specific. *Id.* at *4; *see also Natofsky v. City of New York*, 921 F.3d 337, 345 (2d Cir. 2019) ("It is an established canon of construction that a specific provision 'controls over one of more general application.'" (quoting *Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991))). Based on both the title and text of the provisions, she found § 22:868 to be the more specific provision, and that it thus controlled. *3131 Veterans Blvd LLC*, 2023 WL

5237514, at *4. The Court agrees for the same reasons outlined in *3131 Veterans Blvd LLC*. *See id.*

The Insurers argue that § 22:868 does not prohibit arbitration clauses, relying on *Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*, 2018-0748 (La. 5/8/19), 282 So. 3d 1042, *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540 (5th Cir. 2018), and *In re Mt. Hawley Ins. Co.*, 2022 WL 5360188 (5th Cir. Apr. 28, 2022). Pet. Arb. Reply at 3–5. These cases are inapposite, however, as they deal with forum selection clauses, not arbitration clauses. In both *Creekstone* and *Al Copeland*, the Louisiana Supreme Court and Fifth Circuit, respectively, interpreted a pre-amendment version of § 22:868 which prohibited conditions in insurance contracts that deprive Louisiana courts of "jurisdiction." *Creekstone Juban I, L.L.C.*, 282 So. 3d at 1046; *Al Copeland Invs., L.L.C.*, 884 F.3d at 543. The pre-amendment version of § 22:868 contained no mention of venue. *See* 2020 La. Sess. Law Serv. Act 307 (S.B. 156). Each court found the forum selection clause enforceable because "venue and jurisdiction are separate and distinct" and that to "stretch the definition of jurisdiction to include venue [is] a feat with no legal footing." *Al Copeland Invs., L.L.C.*, 884 F.3d at 544 (internal quotation marks omitted); *see also Creekstone Juban I, L.L.C.*, 282 So. 3d at 1048 ("When the legislature has acted to prohibit forum selection clauses, it has been unequivocal, employing the terms 'venue' or 'forum,' thereby distinguishing the concepts from jurisdiction.").

In contrast, Louisiana courts have found the same statutory language to render arbitration clauses unenforceable. *See Courville v. Allied Pros. Ins. Co.*, 2013-0976 (La. App. 1 Cir. 6/5/15), 174 So. 3d 659, 666 (discussing § 22:868 and finding that "Louisiana has enacted a statute that effectively prohibits the enforcement of arbitration provisions in the context of insurance disputes"); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982)

("Classification of the contract at issue as an insurance contract renders the arbitration provisions of that contract unenforceable.");[1] *see also Creekstone Juban I, L.L.C.*, 282 So. 3d at 1053 (Weimer, J., concurring) ("[I]ntermediate appellate courts in this state have consistently confirmed [the] interpretation of La. R.S. 22:868(A)(2) as an anti-arbitration provision."); *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431 (5th Cir. 2019), *as revised* (June 6, 2019) ("Louisiana's state courts have interpreted § 22:868 as rendering void arbitration provisions in insurance contracts."). Louisiana courts have thus found the term *jurisdiction* to encompass arbitration clauses but deemed *jurisdiction* to be distinct from *venue*.

After these cases were decided, Section 22:868 was amended to (1) prohibit conditions in insurance contracts that deprive Louisiana courts of "jurisdiction or venue" and (2) include subsection D, which provides that "[t]he provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance." La. Stat. Ann. §§ 22:868(A), (D); *see also* 2020 La. Sess. Law Serv. Act 307 (S.B. 156). The Insurers point to the exemption in subsection D as support for the notion that the arbitration clause is now permitted. Pet. Arb. Reply at 2. For the sake of argument, the Court assumes the policy at issue is "a policy form that is not subject to approval by the Department of Insurance." *See* La. Stat. Ann. § 22:868(D). That said, subsection D's exemption does not help the Insurers' claim for it exempts only forum or venue selection clauses. *Id.*

The Insurers characterize arbitration agreements as a kind of forum selection clause. Pet. Arb. Reply at 2. In so doing, they quote *Stadtlander v. Ryan's Fam. Steakhouses, Inc.*, which found

---

[1]     Although the Louisiana Supreme Court in *Doucet* was discussing an earlier version of § 22:868 (La. R.S. 22:629), the provision contained the same language, prohibiting a condition in an insurance contract which "[d]epriv[ed] the courts of [Louisiana] of the jurisdiction of action against the insurer." *Doucet*, 412 So. 2d at 1384 n.2; *see also Bufkin Enterprises LLC v. Indian Harbor Ins. Co.*, 2023 WL 2393700, at *5 (W.D. La. Mar. 7, 2023) ("La. R.S. § 22:629 was retitled La. R.S. § 22:868.").

that "[a]n arbitration agreement is a 'kind of forum-selection clause.'" 34,384 (La. App. 2 Cir. 4/4/01), 794 So. 2d 881, 890 (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974)). The Insurers also cite *Hodges v. Reasonover*, which analyzed whether an arbitration clause between an attorney and client violated a Rule of Professional Conduct. 2012-0043 (La. 7/2/12), 103 So. 3d 1069, 1076. There, the Louisiana Supreme Court quoted a Fifth Circuit decision which stated that "[a] mandatory-arbitration clause (or any forum-selection clause) might in a particular case give the lawyer an advantage over the client." *Id.* (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 443 (5th Cir. 2008)).

The Court rejects the Insurers' argument. Not only does neither case deal with an insurance contract, but as Judge Preska rightly noted, "[t]hese quotes belie the differing treatment forum selection and arbitration clauses receive in Louisiana and Fifth Circuit courts when they interpret Section 22:868." *3131 Veterans Blvd LLC*, 2023 WL 5237514, at *5.

Indeed, the treatment of arbitration clauses by courts in the Fifth Circuit clearly undermines the Insurers' claim. "In cases involving only domestic insurers, Fifth Circuit courts have held that the MFA preempts the FAA, leaving in place Section 22:868, which in turn renders arbitration clauses in insurance contracts unenforceable." *Id.*; *see also Next Level Hosp. LLC v. Indep. Specialty Ins. Co.*, 2023 WL 2771583, at *6 (W.D. La. Mar. 31, 2023) ("Based on the text of § 22:868, the Court cannot arrive at an interpretation that conflates arbitration clauses with forum and venue clauses; the former is jurisdictional whereas the latter are not."); *Fairway Vill. Condominiums v. Indep. Specialty Ins. Co.*, 2023 WL 2866944, at *5 (E.D. La. Apr. 10, 2023) ("[T]he plain language of § 22:868(D) is limited to forum and venue selection clauses, and to read arbitration clauses into the text of Subsection D would be to confer a different meaning than intended by the legislators." (internal quotation marks omitted)).

9

To be sure, "[i]n cases involving at least some foreign insurers, Fifth Circuit courts have: 1) held that the MFA does not preempt the Convention, which in turn preempts Section 22:868, making arbitration clauses in insurance contracts enforceable; and 2) extended the enforceability of arbitration clauses to domestic insurers that jointly insure property with foreign insurers through a type of equitable estoppel known as *Grigson* estoppel." *3131 Veterans Blvd LLC*, 2023 WL 5237514, at *5; *see also Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, 2021 WL 359735, at *8 (M.D. La. Feb. 2, 2021) ("[W]here the Convention applies, La. Rev. Stat. § 22:868 has no effect."); *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, 2018 WL 4042874, at *7 (E.D. La. Aug. 24, 2018) (applying *Grigson* estoppel).

But the Fifth Circuit caselaw dealing with foreign insurers cannot save the Insurers' claim here because "[t]his caselaw is predicated on the Fifth Circuit's ruling that the MFA does not preempt the Convention." *3131 Veterans Blvd LLC*, 2023 WL 5237514, at *6. The Second Circuit, by contrast, has held that the Convention does not preempt a state act which regulates the business of insurance. *See Stephens*, 66 F.3d at 45 ("The Convention itself is simply inapplicable in this instance."); *see also* p. 5, above. Section 22:868 thus applies "without regard for the effect of the Convention." *3131 Veterans Blvd LLC*, 2023 WL 5237514, at *6.

The arbitration clause is thus unenforceable under § 22:868.[2]

---

[2]    The Insurers lastly argue that Mpire can be forced to arbitrate under principles of equitable estoppel. Pet. Arb. Reply at 8. This argument, however, presumes there is an enforceable arbitration clause. The Insurers rely on *Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349 (2d Cir. 1999) and *Best Concrete Mix Corp. v. Lloyd's of London Underwriters*, 413 F. Supp. 2d 182 (E.D.N.Y. 2006), but neither case dealt with using estoppel to compel a party to arbitrate under an unenforceable arbitration clause. Instead, both cases examined whether estoppel could be used to compel arbitration on a non-signatory to the agreement. *Am. Bureau of Shipping*, 170 F.3d at 352 (determining whether the defendant "can be bound to arbitrate with [the plaintiff] even though they never signed the arbitration agreement"); *Best Concrete Mix Corp.*, 413 F. Supp. 2d at 186–87 (determining whether estoppel could bind a non-signatory to an arbitration agreement). Because the Court finds the arbitration clause unenforceable, the Court rejects the Insurers' arguments on estoppel.

**CONCLUSION**

For the foregoing reasons, the Insurers' petition to compel arbitration is denied and their

motion to enjoin the Louisiana state court action is denied as moot.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos.

2 and 24 and close the case.

Dated:     September 28, 2023
           New York, New York

Ronnie Abrams
United States District Judge